**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————

No. 97-50632
Summary Calendar

———————————


GUADALUPE MARTINEZ,

                              Plaintiff-Appellant-
                              Cross-Appellee,

                    VERSUS

FORD MOTOR COMPANY,

                              Defendant-Appellee-
                              Cross-Appellant.


———————————————

Appeal from the United States District Court
for the Western District of Texas
(SA-96-CV-271)

———————————————

November 2, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


     In this diversity action for negligence and product liability, Guadalupe Martinez sued Ford Motor Company ("Ford") for injuries sustained when he was hit by a Ford truck. Martinez asserted that his injury resulted from the defective braking system of the truck. The district court entered a judgment in favor of Ford, consistent

———————————

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with the jury verdict.

Martinez appeals on the ground that the court erroneously allowed Ford to present an allegedly inadmissible videotape simulation of the braking system's operation. Ford cross-appeals on the ground that the court erroneously denied costs. We affirm, except that we vacate and remand the issue of costs.


I.

Martinez had been unloading bundles of metal rebar from the flatbed of an eighteen-wheel tractor trailer. These bundles consisted of about 175 rebar sticks, each weighing six to ten pounds. Martinez wrapped a chain around one of the bundles and attached it to the rear of a Ford truck parked uphill just a few feet away.

John Zalaznik, Martinez's supervisor, told him that there was too much slack in the chain and that the truck was parked too far from the flatbed. Zalaznik ordered Martinez to tighten the chain, keeping it taut as he moved the truck closer to the flatbed. Martinez proceeded to tighten the chain as Zalaznik entered the truck cab.

Because the truck was parked on an incline, the emergency brake was engaged. Depressing the clutch and the foot brake, Zalaznik disengaged the emergency brake to allow the truck to roll slowly backward, downhill toward the flatbed. According to Zalaznik, the foot brake did not function properly, and the truck rolled without resistance, backed into Martinez, and pinned him

2

against the flatbed.  Zalaznik quickly dropped the clutch, causing the truck to lurch forward, which unpinned Martinez, who suffered serious injuries.  The jury found that the brakes did not constitute an unreasonably dangerous defect and that Ford's negligence, if any, was not the proximate cause of Martinez's injury.


II.

Martinez argues that the district court committed reversible error in permitting Ford to show the jury a videotape simulation of the brake operating system.  He contends that the simulation was not "substantially similar" to the condition of the brakes at the time of the accident and therefore was inadmissible.  *See Barnes v. General Motors*, 547 F.2d 275, 277 (5th Cir. 1977) (demanding "similarity of circumstances and conditions" as foundational predicate to introduction of demonstration evidence).  Ford argues that the simulation presented the worst-case scenario, that is, the condition of the brakes that would be most favorable to Martinez's claims of product liability and negligence, and was not, therefore, prejudicially dissimilar.  Additionally, Ford contends that Martinez waived his right to argue this issue on appeal by failing to object when the tape was offered into evidence.

Martinez's theory is that a product defect or Ford's negligence resulted in a low fluid level in the hydraulic brake system, resulting in the alleged malfunction.  Ford counters that a low fluid level—even no fluid at all—would not cause the

3

malfunction of which Martinez complains.

To support its argument, Ford produced a videotape showing that the brakes on the truck would still be operable after *all* the fluid had been drained.  Martinez argues that this demonstration was not "substantially similar" to the circumstance of the accident, because when Martinez was injured, there was *some* brake fluid in the hydraulic brake system, and some fluid could be more problematic than no fluid.

Ford claims that Martinez failed to preserve this question for appeal because, although he moved *in limine* to exclude the videotape, motions *in limine* do not absolve a party of the responsibility to object at trial when the offending materials are offered into evidence.  *United States v. Estes*, 994 F.2d 147, 149 (5th Cir. 1993).  We need not reach this question, for we conclude that even if the issue was properly preserved, there was no abuse of discretion.

The tape was not prejudicial or misleading, but rather provided unextraordinary visual support for the testimony of Mr. Pelkey, Ford's expert.  Moreover, the jury had other strong reasons to believe Ford's argument over that of Martinez, including the fact that Zalaznik never mentioned brake failure when he explained the circumstances of the accident to police at the scene. Silence on such a critical component of the accident most likely seemed as incredulous to the jury as it does to us.

We permit district courts wide latitude in admitting and excluding evidence, and there is no indication that the district

court abused its discretion here.  The test that was videotaped was probative on the issue of the effect of low or non-existent hydraulic fluid on the operation of the brakes.  No injustice was done by admitting the evidence.

III.

Ford argues that the district court erred in denying it court costs without articulating a justification for doing so.  This circuit "recognize[s] a strong presumption that the court will award costs to the prevailing party."  *Salley v. E.I. DuPont de Nemours & Co.,* 966 F.2d 1011, 1017 (5th Cir. 1992); *Hall v. State Farm Fire & Cas. Co.,* 937 F.2d 210, 216-17 (5th Cir. 1991).  While FED. R. CIV. P. 54(d) permits the court "to exercise its discretion and withhold an award of costs to the prevailing party," *Salley*, 966 F.2d at 1017, the exercise of such discretion is an exception to the general rule.  As such, "we require the district court to state its reasons" for refusing.  *Id.*

The court failed to do so. Consequently, we remand with instruction either to award costs to Ford or to state reasons for not doing so.  The district court "cannot require the prevailing party to share costs unless the costs serve as a sanction" against Ford.  *Id.*

In summary, the judgment is AFFIRMED, except that the order denying costs is VACATED, and this case is REMANDED for reconsideration of costs.

5